IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERESA G. S.,[1]     )
                     )
       Plaintiff,    )
                     )
vs.                  )   Case No. 19-cv-583-DGW[2]
                     )
COMMISSIONER of SOCIAL )
SECURITY,            )
                     )
       Defendant.    )

## **MEMORANDUM and ORDER**

**WILKERSON, Magistrate Judge:**

In accordance with 42 U.S.C. § 405(g), plaintiff, represented by counsel, seeks judicial review of the final agency decision denying her application for Disability Insurance Benefits (DIB) pursuant to 42 U.S.C. § 423.

## **Procedural History**

Plaintiff applied for SSI and DIB benefits in July 2015, alleging disability as of June 12, 2010. Claimant was awarded SSI benefits as of her attainment of age fifty on February 2, 2016, but not before that date. Meanwhile, she was denied DIB because her date last insured was December 31, 2015, thirty-three days before she turned age fifty. According to Grid rules 201.14 and 201.21, because plaintiff

---

[1] In keeping with the court's practice, plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. See, Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 13.

had the residual functional capacity (RFC) to perform between light and sedentary work prior to her attainment of age fifty and had no transferrable skills, she was deemed disabled at age fifty, but not disabled prior to that age.

After holding an evidentiary hearing, an ALJ issued a partially favorable decision on June 8, 2018. (Tr. 15-30). The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 1). Administrative remedies have been exhausted and a timely complaint was filed in this Court.

### Issues Raised by Plaintiff

Plaintiff raises the following point:

1. The ALJ did not consider the borderline age situation as required when the claimant is within six months of the higher age category and applying the higher age category would result in a favorable decision.

### Applicable Legal Standards

To qualify for DIB or SSI, a claimant must be disabled within the meaning of the applicable statutes.[3] Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a).

---

[3] The statutes and regulations pertaining to DIB are found at 42 U.S.C. § 423, et seq., and 20 C.F.R. pt. 404. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, et seq., and 20 C.F.R. pt. 416. As is relevant to this case, the DIB and SSI statutes are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim, relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Most citations herein are to the DIB regulations out of convenience.

To determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work?   20 C.F.R. § 404.1520.

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled.  A negative answer at any step, other than at step three, precludes a finding of disability.  The plaintiff bears the burden of proof at steps one through four.  Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show that there are jobs existing in significant numbers in the national economy which plaintiff can perform. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

It is important to recognize that the scope of review is limited.  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g).  Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made.  *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).  The Supreme Court defines substantial evidence as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations

omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does <u>not</u> reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

### **The Decision of the ALJ**

The ALJ followed the five-step analytical framework described above. He determined that plaintiff had not worked at the level of substantial gainful activity during the period from her alleged onset date of June 12, 2010, through her date last insured of December 31, 2015.

The ALJ found that plaintiff had severe impairments of right knee osteoarthritis and meniscus tear, and stress cardiomyopathy.

The ALJ found that, from June 12, 2010 through December 31, 2015, plaintiff had the residual functional capacity to perform between light and sedentary work in that she could lift and carry twenty pounds occasionally and ten pounds frequently. She could stand or walk no more than four hours and sit about a total of six hours in an eight-hour work day. However, she could push and pull as much as she could lift and carry. The claimant could occasionally climb ramps or stairs,

but never ladders, ropes, or scaffolds. She could occasionally stoop or kneel and frequently crouch or crawl. The claimant needed to avoid concentrated exposure to extremes of cold or heat and to vibration. She needed to avoid concentrated exposure to work at unprotected heights or around dangerous, moving machinery.

Through the date last insured, plaintiff was unable to perform any past relevant work. She was born on February 3, 1966, and was forty-nine years old on the date last insured, which is defined as a younger individual age 18-49. Based on the testimony of a vocational expert, the ALJ concluded that plaintiff was not disabled at any time from June 12, 2010 through December 31, 2015, because she was able to do jobs that exist in significant numbers in the national economy.

### The Evidentiary Record

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The following summary of the record is directed to plaintiff's arguments.

1. **Agency Forms**

Plaintiff was born in 1966 and was fifty-two years old on the date of the ALJ's decision. (Tr. 195). She worked as a fast food cook from June 1984 to June 2000, and then worked as cook in a nursing home from June 2000 to June 2010. (Tr. 200).

In a Function Report submitted in September 2015, plaintiff said she could not work because she was unable to stand for long time, has a chipped bone in her

neck that makes her shoulders hurt constantly, and she has a torn ligament in her right leg. Plaintiff reported sometimes staying in bed all day long. She said she takes care of her son, cooks and cleans, and gets help from her husband and son. She said her pain keeps her from sleeping at night, and she is slower than before at basic personal care. Plaintiff said she only does yardwork when she is not in pain. She said she goes out to do things at the grocery store, church, and the community center. She said her conditions affect her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb stairs, complete tasks, and use her hands all because she is in pain, and she has a fear of falling due to her pain. (Tr. 209-215).

2. **Evidentiary Hearing**

An attorney represented plaintiff at the evidentiary hearing in February 2018. The ALJ noted December 31, 2015, as the date last insured. He mentioned plaintiff was awarded SSI benefits as of February 2, 2016, as plaintiff turned fifty years old. The ALJ reviewed with plaintiff's attorney how plaintiff's DBI claim was denied since she was not considered disabled in December 2015. (Tr. 34-35).

The vocational expert testified that a person age forty-nine with a background like that of plaintiff's background can perform a range of work between the light and sedentary exertional levels. The vocational expert testified that there would be work in the national economy for such a person to perform. Plaintiff's attorney told the ALJ, "I do think this is a case for a non-mechanical application the GRID rules would result in approval," and the ALJ verbally acknowledged this statement.

(Tr. 48, 50).

### 3. Relevant Medical Records

Medical records have no relevance to plaintiff's issue as it simply concerns plaintiff's age category. Therefore, medical records will not be reviewed for the purposes of this order.

## Analysis

The Code of Federal Regulations divides disability claimants into three categories: (1) "Younger person," which includes people under the age of fifty; (2) "Person closely approaching advanced age," which includes people between fifty and fifty-four years old; and (3) "Person of advanced age," which includes people age fifty-five and older. Your age as a vocational factor, 20 C.F.R. § 404.1563(c-e) (2008). This regulation clarifies that:

> We will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.

*Id.* § 1563(b).

The Social Security Administration (SSA) Hearings, Appeals & Litigation Law Manual (HALLEX) serves as a clarifying source for 20 C.F.R. § 404.1563.

"HALLEX…conveys guiding principles, procedural guidance and information…" and also "defines procedures for carrying out policy and provides guidance for processing and adjudicating claims."  HALLEX I-1-0-1. PURPOSE, 2005 WL 1863821, at *1.  Although the HALLEX does not carry the authority of law, it deserves weight.

The HALLEX expands on 20 C.F.R. § 404.1563(b) by saying, although the SSA must consider whether to use a higher age category, "If using the claimant's chronological age will result in a favorable decision, an [ALJ] will not use the higher age category solely because it will result in a more favorable onset date, determination, or decision for the claimant."  I-2-2-42. BORDERLINE AGE, 2016 WL 1167001, at *1.

The HALLEX sets forth a two-part test for identifying a borderline age situation, and it is used when the application of a claimant's chronological age results in a decision of not disabled.  *Id*. at *1.  If the answer is "no" to one or both parts, a borderline situation "either does not exist or would not affect the outcome of the decision. The ALJ will then use the claimant's chronological age."  *Id*.  If the answer is "yes" to both parts, a borderline age situation exists, and "the ALJ must decide whether it is more appropriate to use the claimant's chronological age or the higher age category."  *Id*.  The test first asks whether the claimant's age is within a few days to a few months of the next higher age category.  *Id*.  The test then asks whether the higher age category will produce a result of disabled.  *Id*.  The SSA has not specified a precise amount of time to represent "a few days to a few months".

*Id*.  However, the SSA generally considers that to encompass a period not to exceed six months.  *Id*.

To answer the first part of the test, the ALJ will assess "whether the claimant reaches or will reach the next higher age category within a few days to a few months after" the date last insured, among others.  *Id*.  If the aforementioned criteria is met and using the higher age category will result in a finding of disability, a borderline age situation exists.  *Id*.  The ALJ will not use the higher age category automatically, however.  *Id*. at *2.

When a borderline age situation exists, the ALJ will determine the time period under review.  *Id*. at *2.  The ALJ will then consider all other relevant factors such as the claimant's residual functional capacity, age, education, and work experience.  *Id*.  The ALJ will consider whether "there is an additional element(s) present that seriously affects a claimant's ability to adjust to other work." *Id*.  The ALJ will take what is referred to as a "sliding scale" approach when deciding on the correct age category.  *Id*.  For the purposes of this sliding scale, the claimant must show that the additional factors have a "progressively more adverse impact on his or her ability to adjust to other work as the period between the claimant's actual age and attainment of the next higher age category lengthens." *Id*.  If the factors do support use of the higher age category, the ALJ must find the claimant disabled with an established onset date consistent with certain dates, such as the date last insured.  *Id*. at *2-3.  If, however, use of the higher age category is not supported by the factors, the chronological age will be used.  *Id.* at *3.

The HALLEX wraps up this section by saying, "The ALJ will explain in the decision that he or she considered the borderline age situation, state whether he or she applied the higher age category or the chronological age, and note the specific factor(s) he or she considered." *Id*. at *3. The Seventh Circuit has not decided what exactly an ALJ must do to satisfy the requirement to consider the borderline age situation and show satisfaction of said requirement. However, other circuit decisions, although not precedential, are persuasive.

The Sixth and Ninth circuits are often grouped together as being similar in their translation of 20 C.F.R. § 404.1563. The Sixth Circuit believes there is no per se obligation under 20 C.F.R. § 404.1563 for an ALJ to address or explain a claimant's borderline age situation. *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008). However, the court in *Bowie* said, "Lack of an explanation may in some cases mean that the ALJ's ultimate decision is not supported by sufficient evidence," thus implying that some indication of the ALJ's treatment of claimant's age is necessary to avoid remand. *Id*. at 401. The Ninth Circuit also required very little of the ALJ and suggests, "Although the ALJ is required by regulation to *consider* whether to use an older age category in a borderline situation, there is no requirement that the ALJ explain in her written decision why she did not use an older age category." *Lockwood v. Comm'r of Soc. Sec.*, 616 F.3d 1068, 1070 (9th Cir. 2010). In *Lockwood*, it was enough that the ALJ mentioned the claimant's date of birth in her decision, along with the applicable age category and 20 C.F.R. § 404.1563, "which prohibited her from applying the age

categories mechanically. *Id*. at 1071-72.

The Third, Eighth, and Tenth circuits are often grouped together as they stand for a more active approach by the ALJ to prove the borderline age situation was considered. The Third Circuit requires the ALJ to address 20 C.F.R. § 404.1563, and says if the ALJ does not, it may require a remand "because proper application of the regulation may change the result." *Kane v. Heckler*, 776 F.2d 1130, 1133 (3rd Cir. 1985). The Eighth Circuit agrees that detailed explanations are not necessary. *Phillips v. Astrue*, 671 F.3d 699, 706 (8th Cir. 2012). However, the court said it could not complete its review of whether the ALJ's decision was supported by substantial evidence "…without some showing as to the Commissioner's consideration of applying the higher age category, which he indisputably is required to do…a mere statement by the Commissioner that he considered the borderline situation would likely suffice." *Id*. According to the Eighth Circuit, simply stating the claimant's age and current age category fails to answer whether the borderline situation requires promoting the claimant to the next age category and presents more as a mechanical application rather. *Id*. at 706-7. Lastly, the Tenth Circuit suggests simply considering the chronological age of the claimant constitutes a mechanical application. *Daniels v. Apfel*, 154 F.3d 1129, 1135 (10th Cir. 1998). Therefore, in order to show their decision was supported by substantial evidence, the ALJ must show some sort of determination, based on the evidence available, as to which of the age categories best fits the plaintiff. *Id*. at 1136.

Plaintiff cites to three cases from the Northern District of Illinois, and two apply to the present facts. In *Anderson v. Astrue*, the court favored the Tenth Circuit decision in *Daniels*, saying, "…an ALJ must make an explicit age category determination based on whatever evidence is available, and this finding must be supported by substantial evidence." No. 09 C 2399, 2011 WL 2416265, at *13 (N.D. Ill. June 13, 2011). The court in *Anderson* held that, "The ALJ must, at a minimum, acknowledge that he considered the borderline-age issue non-mechanically, and doing so likely requires some explanation, however brief, of the conclusion he reached. Anything less makes judicial review impossible." *Id*. at *14. Similarly, in *Figueroa v. Astrue*, the court stated an ALJ's silence on the issue of a borderline age situation may require a remand. 848 F.Supp.2d 894, 899 (N.D. Ill. Mar. 12, 2012). "Without some minimal explanation of how a choice has been made, it would seem difficult if not impossible for there to be meaningful review of the age category determination." *Id*. at 900.

With that said, the Sixth and Ninth circuits require a very minimal showing, if any at all, of consideration by the ALJ, while the Third, Eighth, and Tenth circuits, as well as the Northern District of Illinois, require some showing of consideration through a mere statement. Additionally, a common theme with each of these cases regarding borderline age situations, no matter the circuit, is the requirement that the ALJ must show the decision was supported by substantial evidence. A lack of consideration combined with some form of indication of such renders that requirement unfulfilled.

Plaintiff was thirty-three days away from her fiftieth birthday on her date last insured, December 31, 2015. Therefore, plaintiff was within a few days to a few months of the next higher age category of "person closely approaching advanced age." This higher age category produces a result of disabled as opposed to not disabled. Therefore, a borderline age situation exists.

This Court must consider whether the ALJ adequately considered the borderline age situation. The ALJ did indeed evaluate the borderline age situation contrary to plaintiff's argument that the ALJ did not. In his decision, the ALJ acknowledged that plaintiff's counsel argued at the hearing that plaintiff's case is one of a borderline age situation, which requires a non-mechanical application of the medical-vocational guidelines. The ALJ also cited to 20 C.F.R. § 404.1563 in his explanation, and finished with, "However, HALLEX I-2-2-42 makes it clear that a higher age category cannot be used as the basis for the decision solely for the purpose of arriving at a more favorable onset date." (Tr. 24). It is clear the ALJ not only considered the borderline age situation, but he indicated his consideration using a statement as required by the Third, Sixth, Eighth, Ninth, and Tenth circuits, 20 C.F.R. § 404.1563, and as suggested by the HALLEX.

Additionally, this Court must note any additional vocational adversities brought forth by plaintiff. Plaintiff failed to indicate any additional elements or vocational adversities that have a "progressively more adverse impact on…her ability to adjust to other work." HALLEX I-2-2-42 at *2. In *Turner v. Astrue*, the claimant was given SSI benefits but denied DIB, identical to plaintiff's case here.

No. 3:10-cv-186, 2011 WL 2783832, at *1 (S.D. Ohio July 11, 2011). The claimant was forty-nine years old when her insured status expired, like that of plaintiff, and she was within a few months to a few days of turning fifty years old and reaching the higher age category which would require a finding of disabled. *Id*. at *3. The court found for the claimant. *Id*. at *11. However, the claimant in *Turner* pointed to additional vocational adversities to support her argument, unlike plaintiff here who pointed to no additional vocational adversities. *Id*. at *8-9. Plaintiff simply argues the ALJ failed to evaluate plaintiff's borderline age situation, yet plaintiff did not provide any information regarding additional vocational adversities as strongly suggested by HALLEX I-2-2-42.

Plaintiff cites to several cases to support her argument. However, none of the cases plaintiff cites to are factually on point. Said cases involve a claimant who was completely denied social security benefits, as opposed to plaintiff who was awarded SSI but denied DIB. If plaintiff were denied benefits as opposed to receiving a partially favorable decision, she might have a more compelling argument such as the claimants in plaintiff's cited cases, but that is not the case here. Plaintiff is simply asking for a more favorable onset date, and that alone is not enough. HALLEX I-2-2-42 at *1.

Defendant's cases were more factually on point. Defendant cited to three cases in which the courts decided there was no borderline situation to begin with due to the ALJ's decision being partially favorable, as in the present case, and the claimant was simply using a borderline age situation argument to receive a more

favorable onset date. See *Antal v. Berryhill*, No. 3:17-CV-2097, 2018 WL 4038147, at *2-7 (M.D. Pa. July 26, 2018), report and recommendation adopted, No. CV 3:17-2097, 2018 WL 4030694 (M.D. Pa. Aug. 23, 2018); See *Lefebre v. Berryhill*, No. 17-C-1312, 2018 WL 4676156, at *3-7 (E.D. Wis. Sept. 28, 2018); See *Wells v. Colvin*, No. 2:15-CV-64-SPM, 2016 WL 5390935, at *4-6, 8 (E.D. Mo. Sept. 27, 2016). With that said, defendant argues that plaintiff is demanding dispensation of DIB without providing any additional facts that indicate a reason for such dispensation besides simply receiving a more favorable onset date. This Court agrees that plaintiff added nothing more to her brief than an argument for a more favorable onset date while claiming the ALJ failed to consider her borderline age situation. This, according to the aforementioned case law, 20 C.F.R. § 404.1563, and the HALLEX, is not enough on its own to require an ALJ to use the higher age category as opposed to her chronological age for nothing more than a more favorable onset date.

An ALJ's decision must be supported by substantial evidence, and the ALJ's discussion of the evidence must be sufficient to "provide a 'logical bridge' between the evidence and his conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009), internal citations omitted. Here, the ALJ considered plaintiff's borderline age situation and exhibited his consideration in a statement within his decision regarding plaintiff's borderline age situation and the applicable regulation, 20 C.F.R. § 404.1563. Thus, the Court must conclude that the ALJ succeeded in building the requisite logical bridge here.

Plaintiff's arguments are little more than an invitation for this Court to provide a more favorable onset date. She has not identified a sufficient reason to overturn the ALJ's conclusion. Even if reasonable minds could differ as to whether the ALJ expressed his consideration of the borderline age situation adequately enough, the ALJ's decision must be affirmed if it is supported by substantial evidence, and the Court cannot substitute its judgment for that of the ALJ in reviewing for substantial evidence. *Burmester,* 920 F.3d at 510; *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012).

## Conclusion

After careful review of the record as a whole, the Court is convinced that the ALJ committed no errors of law, and that his findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying plaintiff's application for disability benefits is **AFFIRMED**.

The Clerk of Court is directed to enter judgment in favor of defendant.

**IT IS SO ORDERED.**

**DATE:  January 15, 2020.**

                                          **DONALD G. WILKERSON**
                                          **UNITED STATES MAGISTRATE JUDGE**